

**FILED**

MAY 2 4 2019

SANDY ROTHELL
DEPUTY CLERK OF COURT
CADDO PARISH

**LESLIE DEWAYNE RUPERT AND
SHANNON MARIE RUPERT**                    DOCKET NO: 616,823-A

**VERSUS**                                **FIRST JUDICIAL DISTRICT COURT**

**FOREMOST INSURANCE COMPANY**            **CADDO PARISH, LOUISIANA**

<u>PETITION FOR DAMAGES</u>

NOW INTO COURT, come Petitioners, LESLIE DEWAYNE RUPERT and SHANNON

MARIE RUPERT, both of legal age and domiciled in Shreveport, Caddo Parish, Louisiana, who

respectfully represent that:

1.

Made defendant herein is the following:

> **FOREMOST INSURANCE COMPANY,** a company doing business in
> the State of Louisiana, who may be served through their agent for service
> of process:
>
> **Louisiana Secretary of State
> 8585 Archives Avenue
> Baton Rouge, Louisiana, 70809**

2.

Defendant, **FOREMOST INSURANCE COMPANY, (hereinafter referred to as**

**Foremost)** is justly and truly indebted unto your petitioners, in a reasonable sum to be set by this

Honorable Court, together with legal interest thereon from date of judicial demand until paid and

for all costs of these proceedings, for the reasons set forth hereinafter.

3.

Your petitioners own a house located at 6148 Pine Tree Loop, Shreveport, Caddo Parish,

Louisiana, 71107.

4.

The house owned by your petitioner's is covered by an insurance policy with Foremost

and which said policy provides coverage for the damages complained of herein.

5.

6.

To date, the defendant has made payments totaling approximately $19,525.87 (ACV) for property damages under said policy.

7.

However, your Petitioners aver Foremost has failed to pay a significant portion of the claim and damages which they sustained as a result of storm (a total loss).

8.

Your Petitioners aver that on or about April 19, 2019 Foremost sent a catastrophe adjuster to view the damages. Upon arrival a discussion about a total loss and the requirements of Louisiana was discussed. The adjuster, Jaeson Szczomak made the determination that the damage would not reach the amount of the policy which provided for replacement costs and contacted a water restoration company to tear out and dry out since the home sustained substantial water damage from the roof cap being exposed. At that time a determination that $7,730.37 appeared to be damaged. The furniture and all household items in six rooms were totally removed and are being held in a controlled storage environment.

9.

On April 30, 2019 the doublewide mobile home was blocked and releveled at the direction of the Foremost adjuster, by Budget Movers, and the job description shows that four (4) anchor straps were broken with extensive damage to the blocks, pads and wood (See Exhibit "A").

10.

Petitioners aver that a complaint was made to the supervisor on May 2, 2019 (See Exhibit "B"). An additional meeting was set on or about May 6, 2019 and Foremost sent the same catastrophe adjuster to view the full extent of the damages once the water restoration company completed the dry and tear out of the home and the home had been releveled. The adjuster, Jaeson Szczomak again made the determination that additional money and work could be done to

11.

Petitioners aver that Foremost has failed to pay for an entire roof (roof still has a tarp) but rather paid for a small portion and then later paid for the roof peak and decking to remove the two humps that were sticking up and additional $1,552.81 was sent via check.  The roofer brought it to Petitioners our attention (after the insurance demanded two opinions for replacement) that the roof had two rafters on the gable extension that were pushing up which alarmed Petitioners again to structural damage. Petitioner made an additional complaint about the handling of the claim and the severity of the damage to the home (See Exhibit "C").

12.

On May 13, 2019, your petitioners were forced to retain Side'Lines Consultants & Etc., Inc., wherein a report for a total loss was made by James A. Sides, Jr., P.E. #18483 (See Exhibit 'D").  Defendants were presented with this report on May 14, 2019.

13.

Petitioners aver that the claim has been handled poorly and slowly.  Petitioners have been denied the use of their additional living expenses (until 5-24-19 when attorney letter was sent for the demand; 42 days from the loss) and were forced to stay in an unhealthy and unsafe environment even after the report from the engineer was rendered stating the residence was unsafe.

14.

Petitioners aver that Foremost is responsible for damages to the home and that pursuant to its policy they have denied a total loss and continue to refuse to pay all that is owed under the policy.  Petitioners allege that at the time and date of the storm described herein petitioners had in full force and effect a policy of homeowner's insurance with replacement costs with the defendant, Foremost, in which said insurance company agreed to insure the plaintiffs for any and all damages of the kind and nature described herein.

15.

16.

Petitioners aver that Foremost is responsible for the bills associated with their decision to attempt to rebuild the house rather than hire and expert to assess structural damages. In connection with that decision ServiceMaster was paid $4,424.85 for water mitigation services and $5,946.20 for a pack out of six rooms.  Approximately $3,000.00 is owed to B and B Construction for his work and time.

17.

Petitioners aver their contractor, B and B Construction paid Budget Movers $1,300.00; and still owes the Electrician $65.00; dumpster company $480.00; and Sheffield Plumbing $450.00 for a grand total of $5,295.00 all of which is owed by Foremost to B and B Construction.

18.

Your petitioners are entitled to recover from defendants herein damages sustained as a result of the storm damages to the house and equipment and appliance therein, including but not limited to:

(a) Policy limit of $91,876.00 for a total loss of residence;

(b) Policy limit of $18,375.00 for living expenses;

(c) 3 hours of clean up time in the amount of $300.00;

(d) Reimbursement for Sears appliance service for refrigerator in the amount of $107.96;

(e) Reimbursement for food in the amount of $88.00 while ServiceMaster was drying out the home;

(f) Payment for Kenmore Elite refrigerator in the amount of $1,599.00;

(g) Emotional distress and mental anguish; and

(h) All applicable bad faith penalties and attorney fees.

19.

Foremost has failed to pay the monies it owes to its insured pursuant to its policy.

WHEREFORE, petitioner prays that:

1.  The defendant, **FOREMOST INSURANCE COMPANY** be served with a copy of this petition and be cited to appear and answer same; and

2.  Petitioners further pray that after all due proceedings are had, there be judgment herein in favor of **LESLIE DEWAYNE RUPERT** and **SHANNON MARIE RUPERT** and against the defendant **FOREMOST INSURANCE COMPANY** in an original sum to be set by this Honorable Court, together with legal interest from date of judicial demand until paid and for all costs of these proceedings.

KITCHENS LAW FIRM

BY:_____
GRAYDON K. KITCHENS, III
Bar Roll # 20252
420 Broadway Street
Minden, LA 71055
Telephone: 318-377-5331
Facsimile: 318-377-5361
ATTORNEYS FOR PETITIONERS

Please serve the defendant as follows:

**FOREMOST INSURANCE COMPANY**
**Who may be served through**
**their Agent for Service of Process:**

**Louisiana Secretary of State**
**8585 Archives Avenue**
**Baton Rouge, Louisiana, 70809**

LESLIE DEWAYNE RUPERT AND          DOCKET NO:_____
SHANNON MARIE RUPERT

VERSUS                             FIRST JUDICIAL DISTRICT COURT

FOREMOST INSURANCE COMPANY         CADDO PARISH, LOUISIANA

## VERIFYING AFFIDAVIT

STATE OF LOUISIANA:

PARISH OF _Caddo_____ :

BEFORE ME, the undersigned authority, a Notary Public duly qualified and commissioned in and for the aforesaid Parish and State, therein residing, personally came and appeared, **LESLIE DEWAYNE RUPERT** and **SHANNON MARIE RUPERT**, who, after first being duly sworn, did depose and state that they have read the allegations of fact contained in the above and foregoing Petition for Damages and that all of those allegations of fact are true and correct to the best of their knowledge, information and belief.

_____
LESLIE DEWAYNE RUPERT

_____
SHANNON MARIE RUPERT

SWORN TO AND SUBSCRIBED before me, Notary Public, at _Shreveport_ Louisiana, on this _23rd_ day of _____May_____, 2019.

_____
NOTARY PUBLIC

LESLIE DEWAYNE RUPERT AND            DOCKET NO:_____
SHANNON MARIE RUPERT

VERSUS                               FIRST JUDICIAL DISTRICT COURT

FOREMOST INSURANCE COMPANY           CADDO PARISH, LOUISIANA

## O R D E R

Considering the above and foregoing petition:

IT IS ORDERED that **FOREMOST INSURANCE COMPANY** produce unto

petitioners within the delays allowed by law for filing responsive pleadings hereto, a certified

copy of the original of the home owner's insurance policy in force and effect on April 12, 2019

which insured the Rupert home.

Shreveport, Caddo Parish, Louisiana, this 28 day of _____May_____, 2019.

JUDGE RAMON LAFITTE
_____
DISTRICT JUDGE



**BUDGET MOVERS**
6920 Buncombe Road
Shreveport, LA 71129
(318) 687-1110 - Business
(318) 272-1968 - Cell Phone

April 30, 2019

Mr. Joey Burrough
B & B Construction
3831 Coleman Road
Benton, Louisiana 71006

RE: 6148 Pine Tree Loop
Shreveport, Louisiana 71107

## ITEMIZED STATEMENT OF SERVICES, MATERIAL AND LABOR

**JOB DESCRIPTION:**

Relevel 32x80 Mobile Home

Run water level; level and reblock all exterior, interior and perimeter piers; add material where needed; replace broken blocks; and tighten anchor straps. Four (4) anchor straps were broken. Therefore they were unable to be tighten. These four (4) anchor straps need to be replaced.

**MATERIAL:**

Whole Blocks – 3

Half Pads – 2

Wood 2 inch – 3

Wood 1 inch – 10

Wood wedges – 5

**LABOR:**

3 men @ 2 hours

**TOTAL AMOUNT DUE:** $1,300.00



EXHIBIT
A

**Shannon Rupert**

| | |
|---|---|
| **From:** | Shannon Rupert |
| **Sent:** | Thursday, May 2, 2019 12:45 PM |
| **To:** | brian.peterson@farmersinsurance.com |
| **Cc:** | myclaim@foremost.com |
| **Subject:** | Claim #: 3012655216-1 |

Brian:

I need a supervisor to come to my home immediately. We are in severe weather in Louisiana. I cannot get any work done until I have a legitimate claim settlement that corresponds with the damage that has been done to my home. Since my home has been damaged there has been 2 tornadoes in this area that have touched down.

My home was damaged on 4/12/19 and I still do not have a roof. I was told that I needed to get my house blocked and leveled first and that was done on Tuesday, 4/30/19 prior to the estimate of damage being finished. The man at Budget said that this was a mess and we have 4 broken tie downs. First I am concerned because I was told this had to happen first and the appraiser, Jaeson only allowed $458.58 and this was a $1,500.00 job they had to replace bricks, pads, wood . (and the tie downs have not been replaced). Next I was told to get the roof on the house (never was I told this was a . partial fix). We lined the roofer up and was supposed to get a roof today however yesterday I was contacted by Jaeson (who again was very nice) and was told they he is only allowing a small portion to be put back. I DO NOT AGREE with that assessment. The entire roof should be replaced. I still have a tarp on my roof today and dangerous storms have again hit the Blanchard, La area. Jaeson viewed my home approximately 7 days after the claim was made and immediately called ServiceMaster to get them to come do water restoration. 3 days later they came in with a packing crew and took almost everything out of my home with the exception of our Master bedroom (eventually we will have to move out of this room) and will then be displaced. I have paid my policies with Foremost for 30 years. I have replacement costs on my home as well. I was increased on my policy $600.00 because of an increase and replacement costs (1) day prior to this tornado/storm.; I increased my 250.00 deductible that I had for 29 years to 950.00 the day before as well. I have been a loyal customer and I do not believe that the claim was evaluated properly. The property was viewed when all furniture and carpet/flooring was there. Now everything has been cut out carpet/kitchen floor; a ceiling in one room with plastic stapled to it; some walls, some wall paper. My house is a MESS! I am having to live like this and have been delayed thus far. The adjuster sent me the report late yesterday evening. Now even with the replacement cost added, I cannot put my house back together. I am being told by my contractor there is just not enough money to do this. I am hereby requesting a SUPERVISOR come in person and meet with my contractor for an inspection. I am not going to wait on supplement reports as many things have not been viewed or allowed for. I do not have enough money to do the necessary repairs and I dispute a partial roof.
LET ME BE CLEAR...... I will work with you and I have been more than patient but I am not going to let Foremost short cut me for damages that were not my fault. I am a customer and I have replacement costs but when you cannot even get enough to get your house back together even after the replacement costs are added then we have a problem.

Please do not send me a catastrophe person; I want a supervisor immediately.

THANK YOU AND MAKE IT A GREAT DAY!

Shannon M. Rupert
Paralegal to
Graydon K. Kitchens, III



1

## Shannon Rupert

| | |
|---|---|
| **From:** | Shannon Rupert |
| **Sent:** | Tuesday, May 7, 2019 11:58 AM |
| **To:** | brian.peterson@farmersinsurance.com |
| **Subject:** | FW: Claim #: 3012655216-1 |

Brian:

I am satisfied with the assessment of the inside of the house at this point.

However, I am not satisfied that a total replacement of the roof was not approved. I do not feel that a partial fixing in 2 places will be sufficient. I would like an independent evaluation with a roofer. We have a roof company that has discovered 2 beams that appear to be pushing up in the front of the valley on the roof. I was told that the house may need an engineer to make a sound decision about further living there.

Further evidence of the shifting is the fireplace stone and mortar is cracked up. The severity of the leveling that required pads, bricks and wood along with 4 tie downs that were broken and a total of 6 doors and jams that are being replaced. The roof has a tarp on it and severe weather is coming for several days in the area. The shingles will not match and with all the movement of the structure and wind damage to the shingles and shingle edges will surely cause a long lasting effect on us. We were denied many years ago for a roof claim and now again we are being denied. We paid for the roof with our own money that is on there and I am being told that it is customary for Foremost to just deny all total roof claims. I HAVE REPLACEMENT COSTS. I cannot believe that my insurance is not going to take care of this matter. I have photos of the hail that feel in our yard and I am being told that we do not have hail damage; just wind damage. We have many nicks, scraps and pieces on the roof.

I am requesting a second opinion of the roof, please.

THANK YOU AND MAKE IT A GREAT DAY!

Shannon M. Rupert
Paralegal to
Graydon K. Kitchens, III



KITCHENS LAW FIRM, APLC
P.O. Box 740
Minden, La. 71058
Tel. (318) -377-5331
Fax (318) -377-5361
Shannon@kitchenslawfirm.com
kitchenslawfirm.com



EXHIBIT
C

S I D E S ' L I N E S   C O N S U L T A N T S &   E T C . ,   I N C .

May 13, 2019

Mr. & Mrs. Leslie Rupert
6148 Pine Tree Loop #147
Shreveport, LA 71107

Subject: Storm Damage to 28'x66' Modular Home DSEAL 11060 AB D-0725

Dear Mr. & Mrs. Rupert,

I inspected the modular home located at 6148 Pine Tree Loop #147 on 5/12/19.

The trailer is a 28' wide by 66' long modular home. The 28' sides are located on the north
and south sides with the 66' long sides facing east (front) and west (rear). The building was
trucked into the site as two 14'x 66' sections which were placed on a masonry block
foundation and anchored using standard metal straps and anchors. Documentation provided
indicate that the date of construction was 1997.

An exterior inspection revealed that;
- Any skirting was removed or blown off by the storm.
- The foundation had been releveled since the storm.
- Four of the strap anchors had broken and were scheduled to be replaced on the 13th.
- The west section of the home has a bow in the north and south walls that indicates
  that there was some movement causing the wall to compress.
- A 25'-30' section of the roof has pulled apart indicating that the trusses have
  separated and raised during the storm.

An internal inspection showed;
- Cracking in the block of the fireplace which may be related to the storm as the
  cracks looked clean indicating that they were recent.
- The central beam running down the 66' length has moved. The cross wall at the
  kitchen/dining room wall has a bend up to ½" in the top foot leaning to the north.
  Other cross walls also have a bend near the top.
- The cover over the beam in the master bedroom has a visual minor twist indicating
  that it has been compressed.
- Water damage in some of the rooms has thrown the electrical circuits.

After making this inspection I called the contractor (Budget Movers) who releveled the
foundation and is replacing the anchor straps. He noted that the foundation blocks were
clean and appeared to be new breaks. Also, there was evidence that the structure had moved
on the blocks which caused the contractor to take additional care to avoid any rapid
movement from release of binding that might have developed during the building shift

- 2 -                                              May 13, 2019

during the releveling. Some minor corrosion was noted on the broken straps, but it did not appear significant.

In addition, I called the OEM (Southern Energy Homes) and discussed the items noted above. In cases such as this where a modular home has moved during a storm event it is highly unlikely that the two sections of the building can ever be properly reconnected. There are concerns that the connecting hardware and structures have been damaged as well which lessening the structural integrity of the entire building.

Based on my observations and the information from the contractors and the OEM, it is my professional opinion that there is some structural damage to the wood frame walls and roof. The only way to insure that the building is returned to the condition prior to the storm is to;

- Remove siding and roof plywood so that any damaged connections and wood framing can be exposed and inspected. This would also include the interior walls.
- Plumb the walls
- Pull the roof trusses and the two sections of the building together.
- Tie the replumbed walls and roof trusses together to re-establish the building envelope. This includes reconnecting the walls to the floor system if needed.
- Replace siding, interior wallboard and plywood roof underlayment.

In my professional opinion it is unsafe to inhabit this dwelling until the issues involving its functionality and stability are addressed.

Sincerely,

James A. Sides, Jr. P.E. 18483